# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| WHITNEY J. CAGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-0792-CV-W-SRB |
| | ) | |
| WESTFIELD INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand.  (Doc. #12).  The motion is granted, and the case is remanded to the Circuit Court of Jackson County, Missouri.  As a result of remand, Defendant Westfield Insurance Company's Motion to Dismiss (Doc. #3) and Defendant Westfield Insurance Company's Motion for Summary Judgment (Doc. #5) are denied without prejudice as moot.

## I.      Background

Defendant Westfield Insurance Company removed this action from the Circuit Court of Jackson County, Missouri on October 8, 2018, on the basis of diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff Whitney Cagle's Complaint[1] includes three claims against two defendants.  Count I – Breach of Contract – against Defendant Westfield. Count II – Bad Faith – against Defendant Westfield, and Count III – Equitable Garnishment Pursuant to R.S.Mo. § 379.200 – against Defendant Westfield and Defendant William Handly. Defendant Westfield is a "foreign insurance company transacting business in the State of

---

[1] As originally filed in Jackson County, Circuit Court, the initial pleading in this case was titled "Petition for Damages."  (Doc. #1-5).  In this Order the Court will refer to the initial pleading as the "Complaint" in conformance with the Federal Rules of Civil Procedure terminology.

Missouri[,]" but both Plaintiff Cagle and Defendant Handly are citizens of Nevada, Missouri. (Doc. #1-5, ¶¶ 1, 3-4). Even so, Defendant Westfield removed the case to this Court on the basis of diversity jurisdiction arguing that Defendant Handly was fraudulently joined as a party because Count III, the only count to which Defendant Handly is a party, is without legal basis under Missouri law.

As alleged in the Complaint, on or about November 2, 2014, Ronald L. Newton was operating a tractor and trailer owned by Defendant Handly within the course and scope of his employment with Defendant Handly, when Newton "carelessly and negligently" failed to yield at a stop sign striking Plaintiff Cagle's car thereby causing Plaintiff "serious and permanent personal injury[.]" (Doc. #1-5, ¶18). Defendant Westfield denied coverage under the "Farm Package Policy" it issued to Defendant Handly. (Doc. #1-5, ¶¶23, 30). Plaintiff Cagle sued Defendant Handly and Newton in state court, and following a trial, "Cagle obtained a judgment against Newton and William Handly, jointly and severely, in the amount of $15,865,568.03." (Doc. #1-5, ¶59). Handly and Newton assigned their claims against Defendant Westfield to Plaintiff Cagle "via an agreement made pursuant to R.S.Mo. § 537.065." (Doc. #1-5, ¶61).

## II.     Legal Standard

A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (citation omitted). "[A] district court is required to resolve all doubts about federal

jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

The Eighth Circuit has articulated the fraudulent joinder standard:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. *See Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000).

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citation omitted). If there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent. *Filla*, 336 F.3d at 810. In conducting this inquiry, the Court "should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court "has no responsibility to *definitively* settle the ambiguous question of state law." *Id*. at 811 (citations omitted) (emphasis in original). "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id*. (quoting *Iowa Pub. Serv. Co.*, 556 F.2d at 406).

**III. Discussion**

In *Scottsdale Ins. Co., v. Addison Ins. Co.*, the Missouri Supreme Court held for the first time that "a bad faith refusal to settle action falls within the category of assignable torts." 448 S.W.3d 818, 830 (Mo. banc 2014) (citation omitted). Defendant Westfield argues that as a result of *Scottsdale*, claimants and insureds became incentivized to enter into assignments of "all claims" regarding insurance coverage like Plaintiff Cagle, Defendant Handly, and Newton did here. (Doc. #14, p. 5 n.1). Prior to this trend toward assignments, claimants typically pursued coverage by way of an equitable garnishment claim under Mo. Rev. Stat. § 379.200. Defendant Handly is a statutorily-required party to an equitable garnishment claim. Section 379.200 provides:

> Upon the recovery of a final judgment against any person . . . for loss or damage on account of bodily injury or death, . . . if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company . . . and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.

Defendant Westfield argues that because of Defendant Handly's and Newton's assignment with Plaintiff Cagle, which allows her to state breach of contract and bad faith claims directly against Defendant Westfield, Plaintiff Cagle is now precluded from also bringing an equitable garnishment claim. Plaintiff Cagle opposes Defendant Westfield's position arguing Plaintiff Cagle "may assert alternative claims for breach of an express contract and equitable relief." (Doc. #13, p. 4). Defendant Westfield admits "there are no Missouri cases on point as to the effect of an assignment on an equitable garnishment[.]" (Doc. #14, p. 5 n.1). This Court finds that Defendant Westfield has not met the standard for fraudulent joinder in that it is unclear under Missouri law whether a plaintiff/claimant may pursue a breach of contract claim by

assignment and an alternative equitable garnishment claim at the same time.  This question is best left to be decided by the state court on remand.

**IV.     Conclusion**

As a result, Plaintiff's Motion to Remand (Doc. #12) is GRANTED.  Defendant Westfield Insurance Company's Motion to Dismiss (Doc. #3) and Defendant Westfield Insurance Company's Motion for Summary Judgment (Doc. #5) are DENIED WITHOUT PREJUDICE AS MOOT.


**IT IS SO ORDERED.**


/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  December 10, 2018